# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TOMMY G. MOSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:05CV00469 ERW |
| | ) | |
| JILL MCGUIRE, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon petitioner Tommy G. Moss's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### The petition

Petitioner states that he filed a petition for release after 120 days, pursuant to section 558.016.8, RSMo, in the Circuit Court of Washington County, Missouri. The circuit court denied petitioner's petition. Petitioner then appealed to the Missouri Court of Appeals arguing that the circuit court erred and abused its discretion in failing to consider the Department of Corrections' report which favorably evaluated his conduct while in custody.

Petitioner asserts that the Missouri Court of Appeals failed to consider his claim of abuse of discretion despite the state statute, which, according to petitioner, mandates the court's considering alternative custodial methods available to the offender, subject to the Department of Corrections issuing a favorable report.

### Discussion

28 U.S.C. § 2254 provides that an application for a writ of habeas corpus on behalf

of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that the applicant has exhausted the remedies available in state courts or that there is an absence of available state corrective process. 28 U.S.C. § 2254(a), (b)(1)(A), (b)(1)(B). Upon review of the petition, the Court finds no indication that petitioner has exhausted his state remedies relative to the above-mentioned claims.

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. As such, it appears that petitioner has available procedures that he must exhaust[1].

The Court reminds petitioner that the abuse-of-the-writ doctrine generally prohibits a petitioner from raising claims in a subsequent habeas petition that could have been, but were not, raised in the first federal habeas proceeding. *McCleskey v. Zant*, 499 U.S. 467, 490, 111 S.Ct. 1454, 1468 (1991). Simply stated, the law requires federal habeas petitioners to assert in their first habeas application all claims known and all claims that should have been known. *See, e. g., Singleton v. Norris*, 319 F.3d 1018, 1028-29 (8th Cir. 2003). Moreover, the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act provides that: "[a] l-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment

---

[1]The Court notes that the instant petition is devoid of any dates; consequently, petitioner has made no showing that there are no currently available, non-futile state remedies through which he can present the federal constitutional dimensions of his claim to the state courts. 28 U.S.C. § 2254(b) and (c).

2

of a State court." 28 U.S.C. § 2244(d)(1). Petitioner must be mindful of both the limit on successive petitions and the statute of limitations period in bringing any further petition for post-conviction relief.

Therefore,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to the respondent, because there is no indication that petitioner has exhausted his available state remedies as required by 28 U.S.C. § 2254(a).

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus is **DENIED** without prejudice.

An appropriate order shall accompany this order and memorandum.

So Ordered this 20th Day of June, 2005.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**